IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES, : <br> : <br> v. : <br> : CASE NO.: 7:21-cr-39 (WLS) <br> JEREMY EDGAR TODD. : <br> : <br> Defendant. : <br> : | |

## ORDER

Before the Court is the Parties' Joint Motion for Continuance, filed January 26, 2022. (Doc. 20.) Therein, the Parties jointly move to continue the trial in this case from the Court's specially set March 14, 2022 trial term to the next available Valdosta trial term. The reason that a continuance is necessary is that initial discovery was just provided to Defense Counsel, and the Parties need additional time to file appropriate motions and to engage in meaningful plea negotiations that could potentially resolve this matter without the need for a trial. (*Id.*, at 2.) For the reasons below, the Parties' Joint Motion to Continue (I*d.*) is **GRANTED**.

The Speedy Trial Act permits a district court to grant a continuance of trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides several factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance here would likely result in a miscarriage of justice and deprive Defense Counsel of reasonable time necessary for effective preparation. *See* 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Notably, Defense Counsel was just provided with initial discovery and the Parties need additional time to file appropriate motions and to engage in meaningful plea negotiations that could potentially resolve this matter without the need for a trial. (*Id.* at 2.)

Accordingly, the Defendant's Unopposed Motion for Continuance is **GRANTED**. The case is **CONTINUED** to the Valdosta trial term beginning May 2022, unless otherwise ordered by the Court. The Court **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).

**SO ORDERED**, this   27th   day of January 2022

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**